THURBER, Respondent, v. VILLAGE OF BROCKPORT, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 29, 1900.) Action by George Thurber against the village of Brockport.

PER CURIAM. Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the recovery to the sum of $1,200, in which event the judgment and order, as thus modified, are affirmed, without costs of this appeal to either party.

TOBIN, Appellant, v. SYRACUSE RAPID-TRANSIT RY. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. May 29, 1900.) Action by Thomas Tobin against the Syracuse Rapid-Transit Railway Company.

PER CURIAM. Judgment of the county court reversed, with costs, and judgment of the municipal court affirmed, with costs. Upon the evidence, the municipal court was justified in deciding that the plaintiff was entitled to recover.

TOWLE, Respondent, v. MANHATTAN RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. June 8, 1900.) Action by Stevenson Towle against the Manhattan Railway Company. From a judgment in favor of plaintiff, defendant appeals. Modified. Howard McWilliams, for appellant. W. G. Peckham, for respondent.

PER CURIAM. We see no reason for interfering with the award made for fee damage, but it seems to us that rental damage has been awarded beyond that which the proof justified. The buildings upon the premises in question were of very poor character and contained none of the modern improvements, and the evidence shows that in the rentals of similar premises in the vicinity, unaffected by the elevated railroad, there had been little or no increase. The advent of buildings containing all the modern improvements had made premises such as those under consideration very undesirable. We think, therefore, that the damage to rental value should be reduced to $100 per year, and the judgment in that respect should be modified, so as to reduce the judgment as entered to the sum of $1,032.28, and, as so reduced, the judgment should be affirmed, without costs to either party on this appeal.

TOWNSEND, Respondent, v. VAN BUSKIRK et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 5, 1900.) Action by Francis H. Townsend against Mary Van Buskirk and others, impleaded with Julia Mary Snell.

PER CURIAM. The statute overlooked by counsel can be brought to the attention of the special term upon the new trial which has been ordered. All the rights of the plaintiff may thus be preserved. The omission is not deemed a sufficient reason for granting a new argument after a lapse of 2½ years and after so great a change as has taken place in the constitution of this court. Motion for reargument denied. See 48 N. Y. Supp. 260.

TRAITEL et al., Respondents, v. DWYER, Appellant. (Supreme Court, Appellate Term. June 13, 1900.) Action by Benjamin D. Traitel and others against Thomas Dwyer. From a judgment in favor of plaintiffs (61 N. Y. Supp. 1100), the defendant appeals. Affirmed. Hardy & Sprigg, for appellant. M. S. & I. S. Isaacs, for respondents.

PER CURIAM. Judgment affirmed, with costs.

O'GORMAN, J., not voting.

TURLEY et al., Respondents, v. NEW YORK EL. RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. June 8, 1900.) Action by Patrick Turley and another against the New York Elevated Railway Company. A. O. Townsend, for appellant. W. G. Peckham, for respondent. No opinion. Judgment affirmed, with costs.

VALENTINE, Respondent, v. ROBINSON, Appellant. (Supreme Court, Appellate Division, First Department. June 15, 1900.) Action by Charles E. Valentine against Benjamin Robinson. R. V. Boyd, for appellant. J. F. Harrison, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

VALENTINE, Respondent, v. ROBINSON, Appellant. (Supreme Court, Appellate Division, First Department. June 22, 1900.) Attachment by Charles B. Valentine against Benjamin Robinson on a claim for breach of contract. From an order denying a motion to vacate the attachment, defendant appeals. Reversed. Richard V. Boyd, for appellant. J. F. Harrison, for respondent.

McLAUGHLIN, J. Plaintiff obtained a warrant of attachment on the ground that the defendant had assigned and disposed of his property with intent to hinder and delay his creditors, which the defendant moved to vacate upon the papers upon which it was granted. The motion was denied, and he has appealed. The warrant was granted upon an affidavit of the plaintiff and his attorney and a copy of an affidavit of the assignor used in another action. Plaintiff's cause of action, as appears from these affidavits, is a breach of a contract entered into between the defendant and one Johnson (plaintiff's assignor), by the terms of which the defendant agreed to indemnify Johnson against a certain claim of the firm of Wood & Selick. Substituting the claim of the Hoyt & Olmstead Cigar Company for that of Wood & Selick, the case is precisely like the case of Hunt v. Robinson (decided herewith) 65 N. Y. Supp. 386; and for the reasons there given the order appealed from must be reversed, with $10 costs and disbursements, and the motion to vacate the attachment granted, with $10 costs.